IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 14, 2014

**IN RE KASON C. ET AL.**

**Appeal from the Juvenile Court for Rutherford County**
**No. TC 1945T     Donna Scott Davenport, Judge**

**No. M2013-02624-COA-R3-PT- Filed June 17, 2014**

Father appeals the termination of his parental rights to his two children. The juvenile court found the Department of Children's Services established four grounds for termination of father's parental rights: 1) parent sentenced to ten or more years for any criminal act and the children are under eight years of age pursuant to Tenn. Code Ann. § 36-1-113(g)(6); 2) parent sentenced to more than two years for conduct against a child or sibling/half-sibling of the child who is the subject of the petition pursuant to Tenn. Code Ann. § 36-1-113(g)(5); 3) abandonment by wanton disregard pursuant to Tenn. Code Ann. §§ 36-1-113(g)(1) and 36-1-102(1)(A)(iv); and 4) substantial noncompliance with the permanency plan pursuant to Tenn. Code Ann. § 36-1-113(g)(2). The juvenile court also found that termination of Father's rights was in the children's best interest. Father appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

Mark J. Downton, Nashville, Tennessee, for the appellant, Glenn C.

Robert E. Cooper, Jr., Attorney General and Reporter, Alexander S. Rieger, Assistant Attorney General, Mary Byrd Ferrara, and Matthew Franciscus Wright, Nashville, Tennessee, for the appellee, Tennessee Department of Children's Services.

**OPINION**

This case involves the termination of the parental rights of Glenn C. ("Father") to his children Kason C.[1], born October 2010, and Kyley C., born June 2012.[2]

Father has remained incarcerated since November 2011 serving a 26-year sentence for attempted voluntary manslaughter and attempted aggravated child abuse and neglect; a conviction which resulted from his actions against Kason on November 28, 2011. The affidavit of complaint stated that when Father was confronted by the Murfreesboro Police Department he attempted to twist Kason's neck and said "if it is going to be like that." Subsequently, on the same day, Kason entered into the custody of the Department of Children's Services ("the Department") and was placed in a foster home because no other family members could be located. On November 6, 2012, the Rutherford County Circuit Court found Kason to be dependent and neglected due to severe child abuse by Father.[3]

While Father was incarcerated, Kyley was born in June 2012 and entered the Department's custody three days later; Kyley was placed in the same foster home as Kason.[4] On December 12, 2012, Kyley was found to be dependent and neglected, and being "without a parent" pursuant to Tenn. Code Ann. § 37-1-102(b)(12)(A), due to Father's incarceration at the time of removal.

The Department filed a petition to terminate Father's parental rights on February 15, 2013; a hearing for the termination took place on September 17, 2013. The juvenile court entered an order which terminated Father's parental rights on October 30, 2013. The court found by clear and convincing evidence that four grounds for termination existed: 1) Father was sentenced to ten or more years for a criminal act and the children were under 8 years of

---

[1]This court has a policy of protecting the identity of children in parental termination cases by initializing the last names of the parties.

[2]The mother of the children surrendered her parental rights on March 8, 2013 and the parental rights of the mother's husband were terminated on August 14, 2013; neither are at issue in this appeal.

[3]Father appealed the court's finding that he knowingly used force upon the child, which was likely to cause serious bodily injury. This court affirmed the trial court's finding on May 7, 2014, in its opinion *In re Kason K.C.*, M2013-01607-COA-R3-JV, 2014 WL 1878767 (Tenn. Ct. App. May 7, 2014). However, this ground was not relied upon by the Department in the parental termination hearing and is not at issue in this appeal.

[4]When Kyley was born, she tested positive for Opiates. The mother, while pregnant, and with knowledge of her pregnancy, used Methamphetamine and Cocaine; therefore, Kyley was removed from the mother's home.

age pursuant to Tenn. Code Ann. § 36-1-113(g)(6); 2) Father was sentenced to more than two years for conduct against a child or sibling/half-sibling of the child who is the subject of the petition pursuant to Tenn. Code Ann. § 36-1-113(g)(5); 3) abandonment by wanton disregard pursuant to Tenn. Code Ann. §§ 36-1-113(g)(1) and 36-1-102(1)(A)(iv); and 4) substantial noncompliance with the permanency plan pursuant to Tenn. Code Ann. § 36-1-113(g)(2). The juvenile court also found that termination of Father's rights was in the best interests of the children. Father appeals.

## STANDARD OF REVIEW

To terminate parental rights, a court must determine by clear and convincing evidence the existence of at least one of the statutory grounds for termination and that termination is in the best interest of the child. Tenn. Code Ann. § 36-1-113(c); *In re Adoption of Angela E.*, 402 S.W.3d 636, 639 (Tenn. 2013) (citing *In re Valentine*, 79 S.W.3d 539, 546 (Tenn. 2002)). When a trial court has made findings of fact, we review the findings de novo on the record with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *In re Adoption of Angela E.*, 402 S.W.3d at 639 (citing *In re Taylor B.W.*, 397 S.W.3d 105, 112 (Tenn. 2013)). We next review the trial court's order de novo to determine whether the facts amount to clear and convincing evidence that one of the statutory grounds for termination exists and if so whether the termination of parental rights is in the best interests of the children. *Id*. Clear and convincing evidence is "evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Id*. (citing *In re Valentine*, 79 S.W.3d at 546 (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n. 3 (Tenn. 1992)) (internal quotation marks omitted).

## ANALYSIS

Father asserts the juvenile court erred in finding several grounds for termination based entirely upon his convictions for attempted voluntary manslaughter and attempted aggravated child abuse/neglect of a child under 8 years of age which were on direct appeal to the Tennessee Court of Criminal Appeals.[5]

### I. PARENT SENTENCED TO TEN OR MORE YEARS FOR ANY CRIMINAL ACT AND THE CHILDREN ARE UNDER 8 YEARS OF AGE

Tennessee Code Annotated § 36-1-113(g)(6) is a ground for the termination of parental rights and applies when "the parent has been confined in a correctional or detention

---

[5]The Tennessee Court of Criminal Appeals has not yet issued an opinion in Father's pending appeal of his criminal convictions and sentences.

facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court[.]" Tenn. Code Ann. § 36-1-113(g)(6).

At the parental termination hearing, Father testified that he is currently serving a 26-year prison sentence for a conviction of attempted voluntary manslaughter and attempted aggravated child abuse and neglect of a child under 8 years of age. A certified copy of the convictions and sentence were entered into evidence. The juvenile court found that at the time Father's criminal sentence was entered on June 27, 2012 and both children were less than 8 years of age.[6]

Counsel for Father presented argument at the termination hearing that a finding of this ground should be denied as Father's criminal conviction and sentence were on direct appeal to the Criminal Court of Appeals. The juvenile court addressed this issue in its final order stating:

> [A parent's] convictions . . . are entitled to a presumption of correctness unless and until they have been set aside by a court of competent jurisdiction. Thus we have repeatedly recognized that a court considering a Petition for Termination of Parental Rights based on T.C.A. § 36-1-113(g)(6) need not look beyond the judgment of conviction and the sentence imposed by the criminal court in order to determine whether this ground applies. . . . If the mere possibility that a conviction might be reversed, or a sentence reduced, at some point in the future were sufficient to defeat the application of this ground for termination of parental rights, then T.C.A. § 36-1-113(g)(6) would be a dead letter. . . .
>
> ****
>
> We have consistently held that a trial court should not consider appeals and postconviction relief proceedings in deciding whether grounds for termination of parental rights exists pursuant to T.C.A. § 36-1-113(g)(6).

*In re M.L.P.*, 228 S.W.3d 139 (Tenn. Ct. App. 2007)(quoting *In re Audrey S.*, 182 S.W.3d 838, 876 (Tenn. Ct. App. 2005)).[7]

---

[6]Kason was 22 months old and Kyley, born June 26, 2012, was one day old.

[7]The juvenile court's direct quote from *In re M.L.P.* was an internal quote from *In re Audrey S.*, 182 S.W.3d 838, 876 (Tenn. Ct. App. 2005). The juvenile court referred to Jamie. F. as the "parent in the *M.L.P.*
(continued...)

The juvenile court stated the authority *supra* is "very persuasive, clear and . . . supports the court's position that [Father's] pending criminal appeal is not a bar to this termination ground being granted." The juvenile court found Father had been sentenced to 10 or more years, and at the time of sentencing the children were under 8 years of age. Accordingly, the juvenile court found that the ground codified at Tenn. Code Ann. § 36-1-113(g)(6) had been proven by clear and convincing evidence.

On appeal, Father contends the juvenile court erred in finding this ground existed because his appeal of the conviction and sentence had not been exhausted and, therefore, are not final judgments. In making this argument Father relies on *Creech v. Addington*, 281 S.W.3d 363, 377-78 (Tenn. 2009), which held that a judgment cannot be deemed final until the time to appeal the judgment has passed, or all appeals are resolved.

An argument similar to Father's was presented in *In re C.M.R.*, No. M2001-00638-COA-R3-JV, 2002 WL 192562 (Tenn. Ct. App. Feb. 7, 2002). The father in that case was not asking the court to fashion a rule that required termination proceedings to await the final conclusion of the appellate process; instead, he argued the termination proceeding should have been continued pending disposition of his motion for a new trial in his criminal case. *Id*. at *4. This court found his argument "unavailing," stating: "Statutory grounds may be proved by evidence of conviction, and we find no basis for a requirement that a child remain ineligible for adoption and the possibility of a permanent home while her parent pursues reversal of the conviction." *Id*.

It is well established that a trial court should not consider appeals and postconviction relief proceedings in deciding whether grounds for termination of parental rights exist pursuant to Tenn. Code Ann. § 36-1-113(g)(6). *See, e.g.*, *In re M.L.P.*, 228 S.W.3d at 145; *In re Audrey S.*, 182 S.W.3d at 876; *M.P.P. v. D.L.K.*, No. E2001-00706-COA-R3-CV, 2002 WL 459010, at *4-5 (Tenn. Ct. App. Mar. 26, 2002); *In re C.M.R.*, 2002 WL 192562, at *4; *In re Adoption of Copeland*, 43 S.W.3d 483, 489 (Tenn. Ct. App. 2000). "If the mere possibility that a conviction might be reversed, or a sentence reduced, at some point in the future were sufficient to defeat the application of this ground for termination of parental rights, then Tenn. Code Ann. § 36-1-113(g)(6) would be a dead letter." *In re Audrey S.*, 182 S.W.3d at 876.

The evidence in the record clearly and convincingly established that Father has been confined in a correctional or detention facility by order of the court as a result of a criminal

---

[7](...continued)
action;" however, this reference is incorrect as Jamie F. was the mother in *In re Audrey S.* Nevertheless, the juvenile court's error in citation has no effect on the authority quoted.

act, under a sentence of 26 years, and at the time of sentencing the children were under 8 years of age. Therefore, we affirm the juvenile court's finding that the Department proved incarceration under a sentence of 10 years or more imposed when the child was less than 8 years old as a ground for termination of Father's parental rights pursuant to Tennessee Code Annotated § 36-1-113(g)(6).

Although parental rights may be terminated when only one statutorily defined ground is established, Tennessee Code Annotated § 36-1-113(c)(1); *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002); *In re M.W.A.*, 980 S.W.2d 620, 622 (Tenn. Ct. App. 1998), we shall address the other grounds for termination of Father's parental rights.

## II. PARENT SENTENCED TO MORE THAN TWO YEARS FOR CONDUCT AGAINST A CHILD OR SIBLING/HALF-SIBLING OF THE CHILD WHO IS THE SUBJECT OF THE PETITION

Tennessee Code Annotated § 36-1-113(g)(5) is a ground for the termination of parental rights and applies when:

> The parent or guardian has been sentenced to more than two (2) years' imprisonment for *conduct against the child who is the subject of the petition*, or for conduct against *any sibling or half-sibling of the child* or any other child residing temporarily or permanently in the home of such parent or guardian, that has been found under any prior order of a court or that is found by the court hearing the petition to be severe child abuse, as defined in § 37-1-102. Unless otherwise stated . . . "sentenced" shall not be construed to mean that the parent or guardian must have actually served more than two (2) years in confinement, *but shall only be construed to mean that the court had imposed a sentence of two (2) or more years* upon the parent or guardian.

Tenn. Code Ann. § 36-1-113(g)(5) (emphasis added).

Father was convicted on May 3, 2012, of the crimes of attempted voluntary manslaughter and attempted aggravated child abuse/neglect of a child under 8 years of age; the criminal conviction noted, and Father admitted at the termination hearing, that the victim was Father's child, Kason. Father was sentenced on June 27, 2012, to 26 years of incarceration, which greatly exceeds the two year requirement; Kason was the victim of the convictions and is the subject of the petition to terminate; Kyley is a full sibling of Kason, a fact Father does not dispute. Accordingly, the juvenile court found by clear and convincing evidence that Father's parental rights should be terminated pursuant to Tenn. Code Ann. § 36-1-113(g)(5).

Father presents the same argument as stated previously; the finding of a ground for termination pursuant to Tenn. Code Ann. § 36-1-113(g)(5) was in error due to Father's conviction being on direct appeal to the Tennessee Criminal Court of Appeals.

For reasons already addressed, we find Father's argument ineffective. The evidence in the record clearly and convincingly established that Father has been sentenced to more than two years imprisonment for conduct against Kason, a child who is the subject of the petition and the sibling of Kyley. Therefore, we affirm the juvenile court's finding that the Department proved a ground for termination of Father's parental rights pursuant to Tennessee Code Annotated § 36-1-113(g)(5).

### III. ABANDONMENT - WANTON DISREGARD

Termination of parental rights on the ground of abandonment by wanton disregard, pursuant to Tennessee Code Annotated § 36-1-102(1)(A)(iv) is found when:

A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either has willfully failed to visit or has willfully failed to support or has willfully failed to make reasonable payments toward the support of the child for four (4) consecutive months immediately preceding such parent's or guardian's incarceration, *or the parent or guardian has engaged in conduct prior to incarceration that exhibits a wanton disregard for the welfare of the child*[.]

Tenn. Code Ann. §§ 36-1-113(g)(1); 36-1-102(1)(A)(iv) (emphasis added).

"Parental conduct exhibiting wanton disregard for a child's welfare may occur at any time prior to incarceration and is not limited to acts occurring during the four-month period immediately preceding the parent's incarceration." *State of Tennessee, Dept. of Children's Servs. v. Hood*, 338 S.W.3d 917, 926 (Tenn. Ct. App. 2009) (citing *In re Jeremiah T.*, No. E2008-02099-COA-R3-PT, 2009 WL 1162860, *8 (Tenn. Ct. App. April 30, 2009); *In re Audrey S.*, 182 S.W.3d at 871). Moreover, "we have repeatedly held that probation violations, repeated incarceration, criminal behavior, substance abuse, and the failure to provide adequate support or supervision for a child can, *alone or in combination*, constitute conduct that exhibits a wanton disregard for the welfare of a child." *In re Audrey S.*, 182 S.W.3d at 867-68 (emphasis added) (citations omitted).

Father has remained incarcerated since his arrest on November 28, 2011, for actions against his child, Kason. Prior to his current incarceration, Father testified that he had a probation violation in the spring of 2011 and, as a result, was incarcerated for a short time. Father also testified that he plead guilty to theft in October 2009 and vandalism in February 2011.

The juvenile court found Father was incarcerated during four months prior to the Department's filing of the petition to terminate parental rights on February 15, 2013, and prior to his November incarceration he engaged in conduct that exhibited a wanton disregard for the welfare of the children. Accordingly, the juvenile court found that the ground of wanton disregard for the welfare of the children had been proven by clear and convincing evidence.

In this case, the evidence clearly and convincingly establishes that more than one of the elements set forth by *In re Audrey S.*, constituting conduct that exhibits a wanton disregard for the welfare of a child, have been proven. *Id*. at 867-68. Thus, the juvenile court did not err in finding that Father's pre-incarceration conduct displayed a wanton disregard for the welfare of the children. We affirm the juvenile court's finding that the Department proved a ground for termination of Father's parental rights pursuant to Tennessee Code Annotated §§ 36-1-113(g)(1); 36-1-102(1)(A)(iv).

## IV. SUBSTANTIAL NONCOMPLIANCE WITH A PERMANENCY PLAN

The juvenile court found Father failed to take necessary steps to provide an appropriate home for his children, specifically, "[Father], of his own free will, committed crimes that led to his current incarceration and his home, a jail cell, [which] is not an appropriate home for the children . . . and further [Father] has failed to comply with the goals, tasks and responsibilities of the permanency plan."

Noncompliance with the permanency plan is a statutory ground for termination of a parent's rights. Tenn. Code Ann. § 36-1-113(g)(2). For noncompliance to justify the termination of parental rights, it must be "substantial" noncompliance. *In re S.H.*, No. M2007-01718-COA-R3-PT, 2008 WL 1901118, at *7 (Tenn. Ct. App. Apr. 30, 2008). To prove grounds for termination pursuant to Tenn. Code Ann. § 36-1-113(g)(2), the Department was required to demonstrate that: "(1) the requirements of the permanency plan were reasonable and related to remedying the conditions that caused the child to be removed from the parent's custody in the first place, and (2) the parent's noncompliance was substantial in light of the degree of noncompliance and the importance of the particular requirement that has not been met." *State Dept. of Children's Serv. v. T.M.B.K.*, 197 S.W.3d 282, 293 (Tenn. Ct. App. 2006).

Father does not challenge the requirements of the permanency plan or deny the fact that, due to his incarceration, he failed to comply with important requirements. He admitted that several requirements of his permanency plan remained incomplete including providing a suitable home, securing a legal means of income, and providing a transportation plan and budget. Father contends he performed all the tasks on the plan that he could perform while incarcerated, including a mental evaluation and alcohol and drug orientation. Although Father did complete some requirements of the permanency plan, the fact remains, however, that his continued incarceration prevented him from obtaining safe housing and a source of income to provide for the children. Father presents the same argument for this ground of termination; his failure to comply with the permanency plans was not due to his lack of desire or effort but rather his incarceration for a conviction that was on direct appeal and, thus, the juvenile court erred in finding this ground for termination. Father does not cite to any authority in support of his argument.

This court has held that a parent's substantial noncompliance with a permanency plan does not have to be willful to justify termination of parental rights on this ground. *In re Joseph L.*, M2011-02058-COA-R3-PT, 2012 WL 2389609, *9 (Tenn. Ct. App. June 25, 2012), *perm to appeal denied*, (Sept. 14, 2012). From the record as a whole, there is clear and convincing evidence to support the juvenile court's finding that Father failed to substantially comply with the reasonable responsibilities contained in the plans. Accordingly, we affirm the termination of Father's parental rights pursuant to Tennessee Code Annotated § 36-1-113(g)(2).

## V. Best Interests of the Children

The General Assembly has provided a list of factors for the court to consider when conducting an analysis of the best interests of the children. *See* Tenn. Code Ann. § 36-1-113(i)(1)-(9). The nine statutory factors, which are well known and need not be repeated here, are not exclusive or exhaustive, and other factors may be considered by the court. *In re M.A.R.*, 183 S.W.3d 652, 667 (Tenn. Ct. App. 2005). Moreover, not every statutory factor need apply; depending upon the circumstances of a particular child and a particular parent, the consideration of one factor may dictate the outcome of the analysis. *In re Audrey S.*, 182 S.W.3d at 878 (citing *White v. Moody*, 171 S.W.3d 187, 194 (Tenn. Ct. App. 2004)). The children's best interests are to be determined from the perspective of the children rather than the parent. *See State Dep't of Children's Servs. v. L.H.*, No. M2007-00170-COA-R3-PT, 2007 WL 2471500, at *7 (Tenn. Ct. App. Dec. 3, 2007) (citing *White v. Moody*, 171 S.W.3d 187, 194 (Tenn. Ct. App. 2004)).

The juvenile court found there was no meaningful relationship between Father and children; at the time of the hearing, he had not seen Kason in over 22 months, with the last

contact being when Kason was around 14 months of age, and he has never met his daughter, Kyley. The court further found that termination of Father's rights would be in the children's best interests because the children are entitled to a safe, secure, and permanent home, further stating: "[A] lengthy delay in the return of a child to the custody of his/her biological parents is a strong indication that termination of the parent's rights is in the child's best interests." The juvenile court also noted that Father's sentence to 26 years of incarceration was due to his own criminal conduct and actions.

Considering these and many other relevant factors from the children's perspective, the evidence clearly and convincingly demonstrates that it is in the children's best interests that the parental rights of Mother be terminated. Therefore, we also affirm this finding.

## IN CONCLUSION

The judgment of the juvenile court is affirmed, and this matter is remanded with costs of appeal assessed against the Department of Children's Services due to Father's indigency and lengthy incarceration.

_____
FRANK G. CLEMENT, JR., JUDGE